J. B. ALEXANDER & Co. *v.* WARREN TOBIN.

Instructions— Action on Open Account.

 In a suit against the firm of Alexander & Co., for the proceeds of the sale of tobacco, their correspondent having remitted the proceeds to the credit of the firm of Jo. B. Alexander & Co., of the same town, an instruction "that any one or more of the members of said firm of Alexander & Co., had a right to direct the mode of transmitting the proceeds of the tobacco to them, and if Kirkpatrick & Co., in good faith transmitted the proceeds to their correspondent, believing the letters from Jo. B. Alexander & Co., was the firm of Alexander & Co., without knowledge that there were two firms different in their constituent members, the transmission would bind all," is held to be a proper construction of the law.

Same.

 And the following instruction was properly refused; "that a payment by Kirkpatrick & Co., on the order of Jo. B. Alexander & Co., did not bind the firm of Alexander & Co., although such order was understood and acted upon by Kirkpatrick & Co., as the order of Alexander & Co., of whom said Jo. B. Alexander and Baker were members."

December 1, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

APPEAL FROM CUMBERLAND CIRCUIT COURT.

There were two firms in business at Burksville, Kentucky, in which J. B. Alexander was a partner. One of them was the firm of Alexander & Co., dealers in tobacco, composed of said J. B. Alexander, R. E. Cross, J. M. Boles and G. F. Baker; and the other was composed of said J. B. Alexander and G. F. Baker, retail dry goods merchants, doing business in the name and style of J. B. Alexander & Co.

This action was brought by the appellee against said firm of Alexander & Co., for the sum of $176.67, proceeds of two hogsheads of tobacco forwarded by the defendants for the plaintiff to New Orleans for sale and there sold by Kirkpatrick & Co., commission merchants, who as directed by a letter signed "Jo B. Alexander & Co.," dated at Burksville, Ky., July 20, 1862, placed

the sum to their credit with Messrs. W. P. Converse Tyler & Co., New York.

A trial of the case resulted in a verdict and judgment for the plaintiff, from which this appeal is prosecuted.

The court instructed the jury that any one or more of the members of said firm of Alexander & Co. had a right to direct the mode of transmitting the proceeds of the tobacco to them, and if Kirk-patrick & Co. in good faith transmitted the proceeds of the tobacco to Converse Tyler & Co. believing that the letters of Jo B. Alexander & Co. were from the firm of Alexander & Co. and without knowledge that there were two firms different in their constituent members, the transmission of the proceeds to Converse Tyler & Co. would bind all the defendants.

And the court refused to give the jury several instructions to the effect that a payment by Kirkpatrick & Co., on the order of Jo Alexander & Co., did not bind the firm of Alexander & Co., although such order was understood and acted upon by Kirk-patrick & Co., as the order of Alexander & Co. of whom said Jo B. Alexander and Baker were members.

Whether these rulings were correct or not is the principal question to be determined on this appeal.

It seems to us the ruling of the court was not erroneous. It cannot be controverted that any one of the firm of Alexander & Co., might bind his associates by directing the manner of remitting or disposing of the proceeds of the tobacco, and if the letter to Kirkpatrick & Co. was written by a member of that firm, although not precisely in the firm name, yet so as to be understood and acted upon by Kirkpatrick & Co. as the authoritative order of Alexander & Co., and they did so understand and act upon it, such authority was sufficient to bind said firm of Alexander & Co. as if given in their proper name.

Wherefore, the judgment is affirmed.

*Bramblett & Son, for appellant.*

*James, for appellee.*